UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LILAN HINTON | CIVIL ACTION |
| VERSUS | NO. 26-1794 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiff Lilan Hinton.[1] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") responds in opposition,[2] and Hinton replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I. BACKGROUND

This case concerns a claim on an uninsured/underinsured motorist ("UIM") policy following an automobile accident.[4] Hinton, a citizen of Texas, maintained an UIM policy issued by State Farm with a $50,000 policy limit.[5] On July 5, 2025, Hinton was injured when an underinsured motorist hit her vehicle in New Orleans, Louisiana.[6] Hinton's injuries exhausted the $15,000 limit of the tortfeasor's automobile insurance policy.[7] As a result, Hinton submitted a claim to State Farm on her UIM policy.[8] Hinton asserts that State Farm refused to tender adequate payment.[9]

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] R. Doc. 16.
[4] R. Doc. 6 at 1.
[5] *Id.* at 1, 3.
[6] R. Doc. 6-1 at 1.
[7] R. Docs. 6-1 at 3; 13-2 at 1.
[8] R. Doc. 6-1 at 2.
[9] *Id.* at 2-3.

On May 21, 2026, Hinton sent a pre-suit demand letter to State Farm valuing her claim at $335,000, based on special damages and "overall jury-value ranges."[10] The pre-suit demand did not include penalties or attorney's fees.[11] State Farm did not tender payment, so, on June 23, 2026, Hinton filed this suit in the Civil District Court, Parish of Orleans, State of Louisiana.[12] Hinton's petition seeks payment under her UIM policy, along with penalties and attorney's fees under La. R.S. 22:1892.[13]

On August 14, 2026, State Farm removed the action to this Court, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[14] State Farm contends that the amount in controversy exceeds $75,000 because the pre-suit demand sought $335,000 and no binding stipulation limiting recovery had been filed at the time of removal.[15] A week after the removal, Hinton filed a "stipulation and certification" stating that she will not seek to recover more than $75,000.[16]

## II. PENDING MOTION

On September 25, 2026, Hinton filed the instant motion to remand, arguing that this Court lacks diversity subject-matter jurisdiction because State Farm failed to show that the amount in controversy exceeds $75,000.[17] Hinton argues that her recovery is capped at the $50,000 policy limit, plus any penalties available under the governing law.[18] Although Hinton's petition seeks penalties under Louisiana law, she now argues that Texas law applies and State Farm has not

---

[10] R. Docs. 13 at 1; 13-2 at 3.
[11] R. Doc. 13-2 at 7.
[12] R. Doc. 6-1 at 1.
[13] *Id.* at 2. Hinton also referenced La. R.S. 22:1973, but that statute was repealed in 2024.
[14] R. Doc. 6 at 1.
[15] *Id.* at 4.
[16] R. Doc. 8 at 1.
[17] R. Doc. 13 at 1.
[18] R. Doc. 13-1 at 3-5.

demonstrated that more than $25,000 would be recoverable under the applicable Texas law.[19] Hinton contends that the Court should disregard her pre-suit demand letter because it did not consider the $50,000 policy limit and her post-removal "stipulation and certification" cements her assertion that the jurisdictional threshold was not met at the time of removal.[20]

In opposition, State Farm argues that Hinton's post-removal stipulation "cannot circumvent the fact that her petition [including the claim for penalties under Louisiana law] facially demonstrates her claim for damages exceeds this Court's jurisdictional limits."[21] State Farm argues further that Hinton herself valued the amount in controversy at $335,000 by sending the pre-suit demand and failing to withdraw it.[22] According to State Farm, Hinton's post-removal stipulation cannot defeat removal and the Court should disregard Hinton's underdeveloped choice-of-law argument.[23] As an alternative to granting Hinton's motion, State Farm requests leave to conduct jurisdictional discovery.[24]

In reply, Hinton reiterates that State Farm failed to demonstrate that the jurisdictional threshold is met, considering the $50,000 policy limit.[25] She contends that her post-removal stipulation carries the day because it clarifies an otherwise ambiguous amount in controversy.[26] Finally, Hinton opposes jurisdictional discovery, arguing that State Farm does not identify any specific missing jurisdictional facts that would establish the amount of any extra-contractual relief available under the governing law.[27]

---

[19] *Id.*
[20] *Id.* at 1-5.
[21] R. Doc. 15 at 2.
[22] *Id.* at 2-4.
[23] *Id.* at 4-5.
[24] *Id.* at 2, 6.
[25] R. Doc. 16 at 1.
[26] *Id.* at 2.
[27] *Id.*

## III. LAW & ANALYSIS

### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

### B. Amount in Controversy

Federal courts have original jurisdiction over matters involving state-law claims when the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). It "is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or protect; stated somewhat differently, it is the value of the

object or subject matter of the suit that is critical." 14B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3707, at 590 (5th ed. 2026); *see also Durbois*, 37 F.4th at 1057 (collecting cases). "[T]he party invoking federal diversity jurisdiction … bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). The jurisdictional facts at the time of removal control. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). And "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal," a post-removal stipulation to the contrary does not "deprive the district court of jurisdiction." *Id.*

Here, it is facially apparent from the petition, coupled with the pre-suit demand, that the amount in controversy at the time of removal exceeded $75,000. In her petition, Hinton alleged that she "sustained severe and painful personal injuries, including but not limited to bodily injuries, pain and suffering, mental anguish, inconvenience, medical expenses, loss of enjoyment of life, lost wages and earning capacity, and other damages," and she asserted a claim for statutory penalties and attorney's fees under Louisiana law.[28] Those penalties, when added to the $50,000 policy limit, demonstrate that more than $75,000 was in controversy at the time of removal on the face of the petition alone. Moreover, Hinton's pre-suit demand sought $335,000 in damages for her injuries including medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, and disability.[29] The demand did not even include amounts for the claimed statutory penalties or her lost wages and earning capacity.[30] The pre-suit demand is relevant evidence that the amount in controversy exceeded $75,000 at the time of removal. *See Medine v. Lane-Valente Indus., Inc.*, 2025 WL 2170347, at *2 & n.17 (M.D. La. July 31, 2025) (finding that "[a] pre-removal settlement

[28] R. Doc. 6 at 2-3.
[29] R. Doc. 6-3 at 1-7.
[30] *Id.*

demand letter can be considered as relevant evidence of the amount in controversy when the settlement offer reflects an honest assessment of the value of the plaintiff's claims" (quotation omitted)). The pre-suit demand appears to be an honest assessment of Hinton's claim because, as she herself noted, it "included detailed treatment and damages information."[31] So, at the time of removal, State Farm had knowledge of Hinton's pre-suit demand ($335,000), the policy limit ($50,000), and the fact that Hinton sought penalties, which could exceed $25,000. *See* La. R.S. 22:1892(B)(1)(a). It is of no moment that Louisiana law may not ultimately apply to this action, especially when Hinton herself invoked it in her petition which was the operative pleading at the time of removal. And Hinton's post-removal stipulation cannot defeat jurisdiction. *Gebbia*, 233 F.3d at 883; *see also Babalola v. EAN Holdings, LLC*, 2025 WL 1907475, at *6 (E.D. Tex. July 10, 2025) ("State-court plaintiffs may avoid removal by stipulating to damages less than the federal jurisdictional threshold in their initial pleadings, but a post-removal stipulation reducing the amount in controversy does not divest the court of jurisdiction." (internal citations omitted)); *Klein v. Liberty Mut. Fire Ins. Co.*, 2024 WL 2350708, at *3 (E.D. La. May 23, 2024) ("[B]ecause the Court's jurisdiction was established and attached at the time of removal, [p]laintiffs' post-removal stipulation reducing the amount recoverable does not divest this Court of jurisdiction."). Thus, Hinton's motion must be denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Hinton's motion to remand (R. Doc. 13) is DENIED.

---

[31] R. Doc. 13 at 1.

New Orleans, Louisiana, this 27th day of October, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE